IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| In Re: Search Warrant for Information Associated with aiden.davidsonn@gmail.com That is Stored at Premises Controlled by Google | Case No. 18-mj-57-01-AJ<br><br>Filed Under Seal |
|---|---|

APPLICATION FOR ORDER COMMANDING GOOGLE
NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF SEARCH WARRANT

The United States requests that the Court order Google not to notify any person (including the subscribers or customers of the account(s) listed in the warrant) of the existence of the attached search warrant for 180 days, to expire September 19, 2018.

Google is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the attached warrant, which requires Google to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the attached search warrant relates to an ongoing criminal investigation involving possible violations of the International Emergency Economic Powers Act that is neither known to the general public nor to the targets of the investigation. If the existence of the warrant is disclosed to the targets, they may take actions to thwart further investigative efforts and avoid prosecution. The United States government, including the Department of Homeland Security, Homeland Security Investigations, and the United States Department of Commerce, Office of the Inspector General, are investigating the

possible transshipment to Iran of licensable items acquired by a New Hampshire based company. The unlicensed export of these items to Iran would violate the International Emergency Economic Powers Act, 50 U.S.C. § 1701, *et seq.*

Accordingly, there is reason to believe that notification of the existence of the attached search warrant will seriously jeopardize the investigation by, among other things, giving the targets an opportunity to flee, destroy or tamper with evidence, change patterns of behavior, or intimidate potential witnesses. *See* 18 U.S.C. § 2705(b). Some of the evidence in this investigation is stored electronically.

Section 2705(b) provides that when the government is not required to notify the subscriber or customer that it is serving process on the provider, the Court may order the provider not to give notice, provided one of the five risks set forth in § 2705(b) is present. For the reasons listed above, the government has shown that there is reason to believe that notice by the provider would cause one of the enumerated harms. The government is proceeding here using a search warrant under 18 U.S.C. § 2703(b)(1). Section 2703(b)(1)(A) provides that when the government proceeds under § 2703(b)(1) (i.e., when the government obtains a warrant issued using the procedures described in the Federal Rules of Criminal Procedure), the government is not required to provide notice to the subscriber or customer. Thus, the government has satisfied all the conditions of § 2705(b).

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing Google not to disclose the existence or content of the attached search warrant, except that Google may disclose the attached search warrant to an attorney for Google for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed for 180 days, to expire on September 19, 2018. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

SCOTT W. MURRAY
United States Attorney

Dated: March 23, 2018    By: /s/ John S. Davis
John S. Davis
Assistant United States Attorney
New Hampshire Bar No. 592
United States Attorney's Office
53 Pleasant Street, 4th Floor
Concord, NH 03301
(603) 225-1552
john.davis8@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In Re: Search Warrant for Information Associated with aiden.davidsonn@gmail.com That is Stored at Premises Controlled by Google | Case No. _____<br><br>Filed Under Seal |

## ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2705(b), requesting that the Court issue an Order commanding Google, an electronic communication service provider and/or a remote computing service, not to notify any person (including the subscribers or customers of the account(s) listed in the warrant) of the existence of the attached search warrant for 180 days, to expire on September 19, 2018.

The Court determines that there is reason to believe that notification of the existence of the attached warrant will seriously jeopardize the investigation, including by giving targets an opportunity to flee, destroy or tamper with evidence, change patterns of behavior, or intimidate potential witnesses. *See* 18 U.S.C. § 2705(b).

IT IS THEREFORE ORDERED under 18 U.S.C. § 2705(b) that Google shall not disclose the existence of the attached search warrant, or this Order of the Court, to the listed subscriber or to any other person, unless and until otherwise authorized to do so by the Court, except that Google may disclose the attached warrant to an attorney for Google for the purpose of receiving legal advice.

IT IS FURTHER ORDERED that the application and this Order are sealed for 180 days, to expire on September 19, 2018.

_____
Date

_____
Daniel J. Lynch
United States Magistrate Judge